IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

CLETUS WAYNE NIXON                                                                    PLAINTIFF

VS.                                                                          NO. 1:04CV365-D-D

WASTE MANAGEMENT, INC.
WASTE MANAGEMENT OF MISSISSIPPI, INC.
and ALBERT OTT                                                                      DEFENDANTS

OPINION GRANTING MOTION FOR SUMMARY JUDGMENT

Presently before the Court is the Defendants' motion to dismiss or, in the alternative, for summary judgment. Upon due consideration the Court finds that the motion shall be granted.

*A. Factual Background*

The Plaintiff is a resident of McNairy County, Tennessee. The Defendant Waste Management, Inc. ("WMI"), is a Delaware corporation with its principal place of business in Houston, Texas. The Defendant Waste Management of Mississippi, Inc. ("WMMI"), is a Mississippi corporation with its principal place of business in Tupelo, Mississippi. Defendant Ott is the district manager for WMMI's Tupelo facility. The Plaintiff alleges, and the Defendants do not dispute, that diversity jurisdiction exists as contemplated by 28 U.S.C. § 1332.

The Plaintiff filed this action alleging a violation of the Family and Medical Leave Act ("FMLA"). Specifically, the Plaintiff contends that the Defendants interfered with his right to reinstatement after taking leave under the FMLA and retaliated against him for receiving benefits under the FMLA. The Plaintiff worked for WMMI at its Corinth, Mississippi facility for eighteen years as a truck driver. On September 11, 2002, the Plaintiff was injured and gave notice to WMMI regarding his injury. On October 7, 2002, the Plaintiff stopped work due to his back injury. The Plaintiff was treated by a neurosurgeon and given a release to return to work. Following, the

Plaintiff contacted Ott and notified Ott of his intentions to return to work. The Plaintiff was informed that he could not return to his former position as truck driver but would be assigned a position washing trucks in Tupelo at a reduced rate of pay. The Plaintiff ultimately resigned from his employment. This action was filed on November 24, 2004.

WMI argues that dismissal is required under Fed. R. Civ. P. 12(b)(2) for lack of personal jurisdiction. Additionally, WMI contends that dismissal is also appropriate under Rules. 12(b)(4),(5), and (6). WMMI suggest that dismissal is appropriate under 12(b)(5) and (6), and under the doctrine of res judicata.

### B. Discussion

#### 1. Dismissal of WMI Pursuant to Fed. R. Civ. P. 12(b)(2)

A 12(b)(2) dismissal is warranted when the court lacks jurisdiction over the defendant's person. Personal jurisdiction over a nonresident defendant is determined by reference to the law of the state in which the court sits, unless otherwise provided by federal law. See Cycles, Ltd. v. W.J. Digby, Inc., 889 F.2d 612, 616 (5th Cir. 1989). The extent of federal jurisdiction over a nonresident defendant is determined by a two-step inquiry: (1) the defendant must be amenable to service of process under the forum state's jurisdictional long-arm statute, and (2) the exercise of jurisdiction under the state statute must comport with the dictates of the due process clause of the Fourteenth Amendment. See Omni Capital Int'l v. Rudolf Wolff & Co., 484 U.S. 97, 104-05, 108 S. Ct. 404, 409-10, 98 L. Ed. 2d 415 (1987).

Once personal jurisdiction has been challenged, the plaintiff bears the burden of establishing the court's jurisdiction over nonresident defendants. Stripling v. Jordan Prod. Co., 234 F.3d 863, 869 (5th Cir. 2000). However, a plaintiff need not make a full showing on the merits that

jurisdiction is proper but must make a prima facie showing of the facts upon which in personam jurisdiction is predicated to avoid dismissal for lack of jurisdiction. Id. at 869. In this regard, "the allegations of the complaint, except as controverted by the defendant's affidavits, must be taken as true." Brown v. Flowers Indus., Inc., 688 F.2d 328, 332 (5th Cir. 1982).

  a.  Mississippi Long-Arm Statute

In determining whether a nonresident defendant is amenable to suit under Mississippi's long-arm statute, it must be found to meet at least one prong, the "contract prong," "tort prong," or "doing business" prong, to satisfy the statutory requirement for jurisdiction. See Miss. Code Ann. § 13-3-57. Mississippi's long-arm statute provides in relevant part:

> Any nonresident person, firm, general or limited partnership, or any foreign or other corporation not qualified under the constitution and laws of this state as to doing business herein, who shall make a contract with a resident of this state to be performed in whole or in part by any party in this state, or who shall commit a tort in whole or in part in this state against a resident or nonresident of this state, or who shall do any business or perform any character of work or service in this state, shall by such act or acts be deemed to be doing business in Mississippi and shall thereby be subjected to the jurisdiction of the courts of this state.

Miss. Code Ann. § 13-3-57. The Mississippi Supreme Court has construed section 13-3-57 as applicable to three types of nonresident defendants: (1) nonresidents who make a contract with a Mississippi resident to be performed in whole or in part within the state; (2) nonresidents who commit a tort in whole or in part within the state against a resident or nonresident; and (3) nonresidents who are "doing business" within the state. Thompson v. Chrysler Motors Corp., 755 F.2d 1162, 1167-68 n.5 (5th Cir. 1985) (citing, Smith v. Temco, Inc., 252 So. 2d 212, 214-16 (Miss. 1971)). The reach of Mississippi's long-arm statute is broad. It allows Mississippi courts to exercise jurisdiction over nonresident defendants whose conduct within the state has caused an alleged injury,

and over nonresident defendants who have availed themselves the protection of the laws of the State of Mississippi. The Plaintiff apparently contends that WMI falls under the doing business prong of the Mississippi long-arm statute.

    b.   <u>Doing Business Prong</u>

Though not expressly argued, the Plaintiff presumably suggests that WMI is doing business in this state and is, thus, subject to the long-arm statute. As evidence of this theory, the Plaintiff offers a letter dated December 13, 1991, from WMI to the Mississippi Secretary of State. Attached to this letter are documents titled "articles of merger or share exchange" and a "plan of merger." In addition, the Plaintiff argues that his "electronic payroll deposit he received reflected [WMI] as the payor;" he received correspondence concerning stock options from WMI; he received a notice of privacy practices which was authored and written by WMI; and, his profit sharing plan was controlled by WMI.

Without regard to these assertions, the Plaintiff fails to acknowledge an important issue that precludes the exercise of personal jurisdiction over WMI. Courts interpreting Mississippi's long-arm statute have consistently held that a nonresident plaintiff may not rely on the "doing business" prong to establish personal jurisdiction over a nonresident defendant. <u>Delgado v. Reef Resort, Ltd.</u>, 364 F.3d 642, 644 (5th Cir. 2004); <u>Herrley v. Volkswagen of America, Inc.</u>, 957 F.2d 216, 218 (5th Cir. 1992); <u>Walker v. World Ins., Co.</u>, 289 F. Supp. 2d 786, 788 (S.D. 2003).

Here, it is undisputed that WMI is not registered to do business in this State. Nor does WMI have a registered agent in this State authorized to receive service of process on its behalf. The Plaintiff has presented no proof to the contrary. Hence, in light of clear statutory construction and the facts of this case, the Plaintiff, a nonresident, cannot take advantage of the "doing business"

prong to assert personal jurisdiction over WMI, a nonresident defendant. Accordingly, Mississippi's the long-arm statute does not reach WMI and exercise of personal jurisdiction would not be appropriate. Therefore, WMI should be dismissed for lack of personal jurisdiction. Given the Court's holding, it is not necessary to discuss the remainder of the personal jurisdiction analysis or address WMI's alternative bases for dismissal.

### 2. Dismissal of WMMI Pursuant to Fed. R. Civ. P. 12(b)(5)

A defense of insufficiency of service of process attacks the "manner in which the service has been made." 5A C. Wright & A. Miller, Federal Practice & Procedure, Civ. 2d §1353. "Service of process is merely the means by which the court gives notice to a defendant and asserts jurisdiction over him." Id. It is commonly understood that the term "service of process" encompasses the service of the summons and the complaint. Fed. R. Civ. P. 4(c)(1). In the case of service on a corporation, service shall be effected "by delivering a copy of the summons and of the compliant to an officer, a managing or general agent, or to any other agent authorized by appointment of by law to receive service of process." Fed. R. Civ. P. 4(h). "Delivery to an officer of an agent whose position in the organization indicates that there is a high probability that the papers will reach those person in the organization responsible for protecting the firm's interest in the litigation is sufficient." 4A Wright & A. Miller, Federal Practice & Procedure, Civ. 3d §1074. In the Fifth Circuit an appropriate agent is "one vested with general powers involving the exercise of independent judgment and discretion." Jim Fox Enter., Inc. v. Air France, 664 F.2d 63, 64 (5th Cir. 1981).

WMMI contends that the manner of service of process was defective because the Plaintiff failed to comply with Fed. R. Civ. P. 4(h). The Plaintiff served WMMI by delivering a copy of the summons and complaint to Rob McGregor, the site manager at WMMI's Corinth facility. The

Defendant argues that McGregor is not an officer, managing or general agent, nor is he an authorized agent. Unfortunately, the Plaintiff, who has the burden of proving the validity of service, has not addressed the issue in his brief. Sys. Signs Supplies v. U.S. Dept. of Justice, Wash., D.C., 903 F.2d 1011, 1013 (5th Cir. 1990).

In the absence of any contradictory proof, the Court is compelled to hold that McGregor is not a "an officer, a managing or general agent" authorized to receive process. Way v. Mueller Brass Co., 840 F.2d 303, 305-06 (5th Cir. 1988) (requiring strict compliance with Rule 4). Therefore, the Plaintiff has failed to effectuate service in accordance with Rule 4(h). Resultantly, the Plaintiff's complaint shall be dismissed. See Nash v. Sweetheart Corp., No. Civ. A.3:98-CV-1090-G,1998 WL 907032 at **1-2 (N.D. Tex. Dec. 16, 1998) (holding that service on one of the corporation's human resource employees did not comply with Rule 4(h) and dismissal without prejudice was required).

### 3. Dismissal of all Defendants Based on the Doctrine of Res Judicata

Res Judicata bars "relitigation of claims that have already been finally adjudicated or that should have been litigated in the prior lawsuit." Smith v. Waste Mgmt., Inc., 407 F.3d 381, 386 (5th Cir. 2005). The doctrine applies when "(1) there was a previous final judgment on the merits; (2) the prior judgment was between identical parties or those in privity with them; and (3) there is a second cause of action based on the same claims as were raised or could have been raised in the first action." Id. at 386. Also, the prior judgment must have been rendered by a court of competent jurisdiction. Vines v. Univ. of La. at Monroe, 398 F.3d 700, 705 (5th Cir. 2005).

On April 11, 2003, the Plaintiff filed a Tennessee state court action alleging he was retaliated against for seeking workers' compensations benefits. The Plaintiff attempted to state a claim for

retaliatory discharge based on Tennessee law. The action was removed to the United States District Court for the Western District of Tennessee. The court granted summary judgment finding that Mississippi law should apply and Mississippi did not recognize a claim for retaliatory discharge arising out of workers' compensation cases. The Plaintiff disputes that <u>res judicata</u> applies by essentially arguing that the judgment was not final on the merits and that the same claims were not involved.

Based on the information presented, the Tennessee judgment is clearly final on the merits. There is no doubt that the judgment reached by the Tennessee District Court is not a final judgment on the merits of the FMLA claim presently pending. However, that does not end the <u>res judicata</u> analysis. Rather, the issue then becomes should <u>res judicata</u> apply simply because the Plaintiff "could have brought" his FMLA in the first action. In order for the preclusive effect to apply to claims that were not actually litigated, the Court must determine whether the causes of actions in the two suits are the same. <u>Hogue v. Royse City, Tex.</u>, 939 F.2d 1249, 1252 (5th Cir. 1991) (rejecting, as too narrow, the argument that two causes of actions are not the same because they are based on different elements of proof).

To determine whether the same claim is involved the Fifth Circuit applies "the modern transactional test of the Restatement (Second) of Judgments, under which a judgment in an earlier suit precludes a second action by the parties and their privies not only on matters actually litigated, but also on causes of action or defenses which arise out of the same 'subject matter' and which might have been litigated in the first suit." <u>Laird v. Lockheed Martin Eng'g & Sci. Serv.</u>, 336 F.3d 346, 358-59 (5th Cir. 2003). Thus, the critical issue is whether the two actions "are based on the same nucleus of operative fact." <u>Id.</u> at 359. In making this determination, the court should consider

"whether the facts alleged are related in time, space, origin, or motivation, whether the causes of action for a convenient trial unit, whether their treatment as a trial unit conforms to the parties' expectations or business understanding or usage." Id.

Having reviewed the Plaintiff's Tennessee state court complaint, there is no room to dispute that the two suits clearly involve and arise out of the same events. Indeed, the facts as alleged in the first action, are virtually identical to the facts presented here. Though the retaliatory discharge and the FMLA claims require different elements of proof, the two claims are based on indistinguishable facts occurring during precisely the same time period and originating from the same events. Accordingly, the Court is faced with circumstances that mandate preclusion of the Plaintiff's FMLA claim. John v. Serampore Indus. Private, Ltd., No. 04-20766, 2005 WL 1719282 at *1 (5th Cir. Jul. 25, 2005) (barring claims under the doctrine of res judicata that could have been brought in first action); Langston v. Ins. Co. of N. Am., 827 F.2d 1044, 1048-49 (5th Cir. 1987) (barring an age discrimination claim that could have been brought with a state claim of wrongful termination). While the Court does not condone the Defendants' treatment of the Plaintiff, "[a] party gets only 'one bite at the apple'." Proctor & Gamble Co. v. Amway Corp., 376 F.3d 496, 500-01 (5th Cir. 2004). Therefore, the Plaintiff's FMLA claim is barred by the doctrine res judicata. Hence, there is no issue of material fact precluding summary judgment and the complaint shall be dismissed.

*D. Conclusion*

In sum, the nonresident Defendant WMI is not subject to the reach of this State's long-arm statute and, thus, personal jurisdiction is lacking. The Plaintiff failed to effectuate proper service of process on Defendant WMI. Nevertheless, the Court finds that res judicata precludes litigation of

8
~6043556.wpd

the Plaintiff's FMLA claim which should have been brought in his first suit. Resultantly, summary judgment shall appropriately be granted in favor of all Defendants.

A separate order in accordance with this opinion shall issue this day.

This the 5th day of August, 2005.

/s/ Glen H. Davidson
Chief Judge